Davis, J.,
dissenting. I cannot accept the postulate of the majority that the “avoidance intended by the stipulations is only during the existence of the forbidden hazard.” That it may be so in some cases I do not deny; but in a case so plainly stipulated for by the "parties such, a qualification cannot be read into the contract. Upon a change of location of the insured property, it is stipulated not that the policy shall become void at the election of the insurer, but that it shall become void. That means that *126 upon the violation of the contract by the insured the policy eo instante becomes absolutely void. Such was the judgment of this court upon a similar policy. Insurance Co. v. Wells, 42 Ohio St., 519. In this case Judge Mcllvaine says: “The cases relied upon as authority to the contrary by the defendant in error involved the construction of contracts materially different from this one. Here no construction or interpretation is needed; the plain and unequivocal terms of the contract must be enforced.” To the same effect are numerous decisions elsewhere, of which Insurance Co. v. Coos Co., 151 U. S. Rep., 452, 464, is a representative case. On the same day on which the decision was announced, this court also held, construing a clause of a condition in a policy identical with the one now under discussion, that a breach of that condition rendered the policy void, not voidable, that is to say, it was held that a transfer of the property avoided the policy. Ohio Farmers’ Insurance Co. v. Waters, 65 Ohio St., 157. The language of this agreement is that the transfer, or the change of location, etc., of the property shall render the policy void.
This being so, the policy became void on the removal of the property from Prospect street to Huron street, without the knowledge or consent of the insurer; and it is settled law that “if the policy has become forfeited or void for any cause, it cannot be renewed or 'revived except there is a waiver or estoppel arising from the acts or statements of the company or its authorized agent; or unless there is an express agreement to revive.” Joyce on Insurance, sec. 1467.
It does not appear from the record in this case that at .the time the insured property was removed from Prosriert street to Huron street the insurer intended *127 to move to Winchester street, nor that the repose at Huron street was merely temporary; and it is conceded that if a loss had occurred while the property was at Huron street the insurance company would not have been liable. If the theory of the law which I have presented is correct, the policy was at that time void, not merely voidable. But it does appear that the insured knew of this provision of he contract making the policy void, because she applied for the company’s consent to the removal to Winchester street and concealed the fact that she had already removed the goods from Prospect street to Huron street, which would avoid the policy. At all events, there is an utter failure to show any waiver of its rights by the company, with knowledge of the facts, much less an agreement to revive the policy. I therefore am of the opinion that the judgment of the circuit court should be reversed.